UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Case No._____

| | |
|---|---|
| Eric Kelley, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **COMPLAINT** |
| ) | **JURY TRIAL DEMANDED** |
| International Brotherhood of ) | |
| Teamsters, Local Union 71, ) | |
| ) | |
| Defendant. ) | |

This action is brought to remedy discrimination on the basis of race in the terms, conditions and privileges of union representation in employment matters in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* (Title VII).

This Court has jurisdiction of this matter under 42 U.S.C. §2000e-5(f).

1. Plaintiff is a male citizen of the United States and a resident of Darlington County, South Carolina.

2. Defendant, International Brotherhood of Teamsters, specifically, Teamster Local Union No. 71, headquartered in Charlotte, North Carolina, operates and conducts the business of union representation in Darlington, South Carolina.

3. Plaintiff, Eric Kelley, was employed with the Florence location of United Parcel Service Incorporated from July 31, 1996, to January 3, 2009.

1

4. On January 3, 2009, Plaintiff returned to the Florence location after completing his job duties for the day, and was told by his supervisor that the Center Manager wanted Plaintiff to wait outside of the building to wait for another driver coming from Myrtle Beach.

5. Plaintiff expressed that he was uncomfortable and felt unsafe waiting outside of the locked building with no one present, but never expressed a refusal to follow the Center Manager's instruction.

6. After the supervisor relayed that message to the Center Manager, the Center Manager accused Plaintiff of failing to follow instructions and terminated Plaintiff.

7. Plaintiff was then also terminated by letter dated January 9, 2009 for allegedly being "grossly insubordinate and abandoning your job."

8. Defendant, became informed of the termination by the division manager of Plaintiff's employer, who called the Business Representative, Joe Eason, before Plaintiff even contacted Defendant.

9. Plaintiff expressed to Joe Eason, the Business Representative, his desire to protest his termination, and a protest was issued on January 12, 2009.

10. After a local level hearing, held on January 26, 2009, resulted in no resolution, the issue was filed to the Atlantic Area Parcel Grievance Committee.

11. In preparation for the hearing, Local Business Agent, Joe Eason, failed to utilize Plaintiff's witness statements, failed to honor Plaintiff's request to

submit the award of unemployment benefits as proof of no wrongdoing, failed to address the seniority violations in the manner in which staffing occurred on his date of termination, and failed to include Plaintiff in the preparation and participation of his grievance.

12. Defendant has exhibited a pattern or practice of failing to adequately represent African American employees, such as Mary McCall, James McLeod and others, without bias as it has done for Caucasian employees such as Warren Clemons and others.

13. After receiving the unfavorable decision from the Atlantic Area Parcel Grievance Committee, Plaintiff filed a complaint with the National Labor Relations Board, on July 6, 2009, claiming unfair representation. After receiving a refusal to process the complaint on September 30, 2009 by the Regional Director of the National Labor Relations Board, Plaintiff filed an appeal on October 12, 2009. After receiving a denial of the appeal on January 27, 2010, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on March 29, 2010, based on the National Labor Relations Board's refusal to issue a complaint against Defendant for its breach of duty of fair representation.

14. On February 25, 2011, the Equal Employment Opportunity Commission issued Plaintiff a notice informing him of his right to sue Defendant. Plaintiff has exhausted all administrative remedies.

15. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of this Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e - 5(f)(3).

## FIRST CAUSE OF ACTION

16. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15 of this Complaint.

17. Plaintiff's termination was in violation of Article 50 of the Master Agreement entered into between Plaintiff's former employer and Defendant.

18. Defendant breached its duty of fair representation by failing to adequately contest the employer's violation and arbitrarily denying Plaintiff's request.

19. Defendant engaged in a pattern or practice of discrimination in its representation of Plaintiff during his grievance hearing and discriminated against Plaintiff on the basis of race in violation of Title VII.

20. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment:

A. Declaring that the acts and practices complained of are in violation of Title VII;

B. Enjoining and permanently restraining these violations of Title VII;

C. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

D. Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and retaliatory treatment of him, and make him whole for all earnings he would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension and other lost benefits;

E. Awarding Plaintiff compensatory and punitive damages in the amount to be determined by a jury;

F. Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided by §706(k) of Title VII, 42 U.S.C. §2000e-6(k);

G. Directing Defendant to pay Plaintiff compensatory damages and damages for the mental anguish and humiliation; and,

H. Awarding Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By: s/ Pheobe A. Clark
**Pheobe A. Clark**
Federal ID No. 9888
Post Office Box 13057
Florence, SC  29504-3057
Phone: (843) 669-5634
Fax:    (843) 669-5150

May 25, 2011

5