UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ERIC KELLEY, | ) | Civil Action No.: 4:11-cv-1268-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| INTERNATIONAL BROTHERHOOD | ) | |
| OF TEAMSTERS, LOCAL UNION 71, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.    INTRODUCTION

In this discrimination action, Plaintiff alleges that Defendant International Brotherhood of Teamsters, Local Union 71 (the Union or Defendant) discriminated against him because of his race in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. by failing to adequately represent him in his claim against his former employer, United Parcel Service, Inc. (UPS). Presently before the Court is the Union's Motion for Summary Judgment (Document # 35). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. Because this is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

## II.    RELEVANT FACTS

Plaintiff was employed by UPS as a vehicle shifter/air driver in the Florence package center from June 1996 until January 1, 2009, when his employment was terminated for gross insubordination. Pl. Dep. 69, 72, 131-32 and Ex. 9 (Ex. C to Def. Motion).[1] On or about January

---

[1]The specific facts regarding Plaintiff's employment with and termination from UPS are not relevant here. They are set out more fully in the Report and Recommendation filed in Plaintiff's

7, 2009, the Union filed a grievance on behalf of Plaintiff regarding the discharge. Pl. Dep. 133, Exs. 10, 11.  After communications with Plaintiff and preliminary investigation of the matter, Local 71 Business Agent Joseph Eason presented a written protest to UPS District Manager Walt Dickson, with copies to Plaintiff, regarding the January 9, 2009, termination notice issued to Plaintiff and demanded Plaintiff's reinstatement and make whole remedies under the terms of the collective bargaining agreement. Id. The grievance was not resolved at the local-level hearing, and was appealed to the regional-level panel. Pl. Dep. 138.

Plaintiff and Eason presented the discharge grievance at a hearing before the Atlantic Area Parcel Grievance Committee (AAPGC), an arbitration panel provided for under the collective bargaining agreement. Pl. Dep. Ex. 12.  It is undisputed that Plaintiff and Eason disagreed in some respects as to the strategy for proceeding during this hearing.  On April 21, 2009, the AAPGC issued a written decision denying Plaintiff's grievance.  Id.  Plaintiff then filed charges with the National Labor Relations Board against UPS regarding his termination and against the Union regarding Eason's representation of Plaintiff.  Specifically with respect to Eason's representation, Plaintiff alleged that the Union failed to meet its duty of fair representation by failing to present certain arguments during the grievance hearing on April 21, 2009.  Eason Dec. ¶ 10 and Ex. C (Ex. to the Union's Reply).[2]  On September 30, 2009, Willie L. Clark, Regional Director for the National Labor Relations Board Region 11 issued a written decision dismissing unfair labor practice charges filed by Plaintiff against Teamsters Local 71.  Id.   On January 27, 2010, the General Counsel for the

related action against UPS, Kelly v. United Parcel Service, Inc., Case No. 4:10-cv-1420-RBH-TER.  See Report and Recommendation (Document # 69 in 4:10-cv-1420-RBH-TER).

[2]Plaintiff has not submitted a copy of these charges.  However, the written decision dismissing the charges sets forth the allegations raised by Plaintiff.

National Labor Relations Board in Washington, DC issued a written decision denying Plaintiff's appeal from the dismissal of his unfair labor practice charges filed against Teamsters Local 71. Id. at ¶ 10 and Ex. D.

Plaintiff filed a Charge of Discrimination against UPS with the Equal Employment Opportunity Commission (EEOC) and received a Dismissal and Notice of Rights letter. Plaintiff then filed a civil action in this court against UPS, alleging that UPS discriminated against him because of his race in violation of Title VII when it disqualified him from being a driver and terminated him. Kelly v. United Parcel Service, Inc., Case No. 4:10-cv-1420-RBH-TER. Upon UPS's Motion for Summary Judgment, the court found that Plaintiff's claim of discrimination with respect to being disqualified as a driver was outside the scope of his EEOC charge, and, thus, not actionable, and that no genuine issue of material fact existed for his claim of discrimination with respect to his termination. See Order Granting Motion for Summary Judgment (Document # 72 in 4:10-cv-1420-RBH-TER).

Plaintiff filed a separate EEOC Charge of Discrimination against the Union on March 29, 2010. Charge of Discrimination dated March 29, 2010 (Ex. A to the Union's Motion). Plaintiff asserts in the Charge that "[s]ince April 21, 2009, the IBT Local Union 71 has failed to represent me during a union grievance filed against my employer United Parcel Services (UPS)" because of his race. Id. Plaintiff indicates in that the earliest date of discrimination was April 21, 2009, the latest date of discrimination was March 22, 2010, and the discrimination was continuing. Id. In response to that Charge, the Union requested dismissal of the charge as untimely and on the merits of Plaintiff's claims. Eason Dec. ¶ 5 and Ex. A. The EEOC issued a Dismissal and Notice of Rights on February 25, 2011, in which it stated that "the EEOC is unable to conclude that the information

-3-

obtained established violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been made by this charge." Dismissal and Notice of Rights (Ex. A to the Union's Motion).

Plaintiff filed the present action on May 25, 2011.

## III.    STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV.    DISCUSSION

Liability under Title VII applies to labor organizations. E.E.O.C. v. Reynolds Metals Co., 212 F.Supp.2d 530, 539 (E.D.Va.,2002) (citing Donnell v. General Motors Corp., 576 F.2d 1292, 1300 (8th Cir.1978)). Title VII provides,

> It shall be an unlawful employment practice for a labor organization--
> (1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;
> (2) to limit, segregate, or classify its membership or applicants for membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or
> (3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

42 U.S.C. § 2000e-2(c).

The Union raises two arguments for why summary judgment is appropriate. First, it argues that Plaintiff's Charge of Discrimination against the Union was untimely. Second, it argues that, even if the Charge of Discrimination was timely, Plaintiff's Title VII claim fails because Plaintiff

cannot show that his employer, UPS, violated the collective bargaining agreement.

To pursue a Title VII claim, including any claim against a labor organization, a plaintiff must "file a complaint with the EEOC within 180 days of the incident, or within 300 days of the incident if state or local proceedings are initiated." Beall v. Abbott Labs., 130 F.3d 614, 620 (4th Cir.1997); 42 U.S.C. § 2000e–5(e)(1); National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Here, Plaintiff was required to file his Charge of Discrimination within 300 days following the alleged discriminatory acts.

It is undisputed that Eason's final representation of Plaintiff with respect to his grievance against UPS for his discharge was on April 21, 2009, the date of the hearing before the AAPGC. Although Plaintiff represented in his Charge of Discrimination that the alleged violation by the Union continued until March 22, 2010, he fails to present sufficient evidence to support this assertion. Thus, his Charge, which was filed March 29, 2010, is untimely. Plaintiff's argument that his Charge was timely because the Dismissal and Notice of Rights letter he received did not indicate that it was not timely is unavailing. Courts are not bound by findings[3] made by the EEOC. Rather, discrimination claims are afforded a de novo review. See Laber v. Harvey, 438 F.3d 404, 420 (4th Cir.2006); Terry v. Director, 21 F.Supp.2d 566, 569 (E.D.Va.1998). Thus, because Plaintiff's Charge of Discrimination was not filed within 300 days of the incident at issue, that is, Eason's representation of Plaintiff with respect to his grievance against the UPS, summary judgment is appropriate and the court need not address the merits of Plaintiff's claim.

---

[3]There was no specific finding made by the EEOC regarding the timeliness of Plaintiff's Charge. The Dismissal and Notice of Rights letter specifically states that "[n]o finding is made as to any other issues that might be construed as having been raised by this charge." Dismissal and Notice of Rights.

**V.      CONCLUSION**

For the reasons discussed above, it is recommended that Defendant's Motion for Summary

Judgment (Document # 35) be granted and this case be dismissed in its entirety.


                                          s/Thomas E. Rogers, III_____
                                          Thomas E. Rogers, III
                                          United States Magistrate Judge

November 25, 2013
Florence, South Carolina