IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Eric Kelley, | ) | Civil Action No.: 4:11-cv-1268-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| International Brotherhood of | ) | |
| Teamsters, Local Union 71, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Eric Kelly ("Plaintiff") filed this action alleging that Defendant International

Brotherhood of Teamsters, Local Union 71 ("Defendant" or "the union") discriminated against him

because of his race in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §

2000(e), *et seq.*, by failing to adequately represent him in his grievance and claim against his former

employer, United Parcel Service, Inc. ("UPS").[1]  Defendant filed a Motion for Summary Judgment

on March 15, 2013.  ECF No. 35.  The matter is now before the Court after the issuance of the

---

[1] Prior to instituting the above captioned action, Plaintiff previously filed suit against his employer, UPS, asserting a Title VII discrimination claim.  On August 30, 2012, the undersigned issued an Order adopting the Report and Recommendation ("R & R") of Magistrate Judge Thomas E. Rodgers, III, granting summary judgment in favor of Defendant UPS, and overruling Plaintiff's objections to the R & R.  *See generally Kelley v. United Parcel Serv., Inc.*, No. 4:10-cv-1420-RBH, 2012 WL 3765180 (D.S.C. Aug. 30, 2012).  In particular, the Court found that Plaintiff's Title VII claim failed because he was unable to establish a *prima facie* case of racial discrimination.  *See id.* at *3. Moreover, the Court found that even if it were to find that Plaintiff stated a *prima facie* case, the claim would fail because Plaintiff could not show that Defendant's stated reasons for discharge were a pretext for racial discrimination.  *See id.* at *4–5.  The Fourth Circuit affirmed the summary judgment Order on appeal, finding that this Court did not err in determining that "Kelley failed to establish a prima facie case of discrimination" or in "determining that Kelley failed to create an issue of fact as to pretext."  *Kelley v. United Parcel Serv., Inc.*, 528 Fed. App'x 285, 287 (4th Cir. 2013) (per curiam).

Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rodgers, III.[2] In the R & R, the Magistrate Judge recommends the Court grant Defendant's Motion for Summary Judgment.

For the following reasons, this Court adopts the Magistrate Judge's recommendation as modified and grants Defendant's motion for summary judgment.

STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

## FACTUAL BACKGROUND

The facts of this case were completely and accurately set forth in the Magistrate Judge's Report and Recommendation.   Neither party objected to the Magistrate Judge's recitation of the facts in the R & R, and therefore this Court need not repeat the facts herein.

## DISCUSSION

In the Report and Recommendation, filed on October 30, 2013, the Magistrate Judge recommends that Defendant's Motion for Summary Judgment be granted.   *See* R & R, ECF No. 51. The Magistrate Judge recommends the Court find that Plaintiff's Charge of Discrimination was not timely filed with the Equal Employment Opportunity Commission ("EEOC").   *Id.* at 6.   The Magistrate Judge explains that if the Court finds the Charge of Discrimination was untimely, summary judgment is appropriate and the Court need not address the merits of Plaintiff's claim.   *Id.* Plaintiff's Title VII claim relates to Defendant's purported discriminatory representation of him in connection with a union grievance against his former employer.   *Id.* at 1.   The Magistrate Judge determined that this representation ended on April 21, 2009, the date the Atlantic Area Parcel Grievance Committee ("AAPGC" or the "arbitration panel") issued its final decision.   *Id.* at 2, 6. Plaintiff did not file his Claim of Discrimination with the EEOC until March 29, 2010.   *Id.*   The Magistrate Judge recommends the Court find that this filing was untimely, as it was filed more than 300 days after the representation, the purported discriminatory act, concluded.   *Id.*

In response, Plaintiff filed an objection to the R & R on December 11, 2013.   *See* Pl's Objection, ECF No. 52.   Plaintiff's only objection is that the Magistrate Judge improperly determined that the discriminatory act ended on April 21, 2009.   ECF No. 52 at 1–2.   Plaintiff argues that the discrimination was ongoing because the Defendant discriminatorily failed to

adequately represent him during the grievance process after the arbitration panel's April 21, 2009 decision. *Id.* at 2. Plaintiff alleges that the union did not conclude its representation of him until March 29, 2010, when the EEOC Charge was filed. *Id.* at 1. Moreover, Plaintiff argues that a new charging period was "triggered whenever the National Labor Relations Board issued a grievance/appeal decision supporting the initial discriminatory representation of April 2009." *Id.*

## I.     Timeliness

The Court agrees with the Magistrate Judge that the Defendant's representation of Plaintiff ended on April 21, 2009. After Plaintiff was terminated, the union filed a grievance on his behalf against UPS, and Joseph Eason, Business Agent for Local 71 of the Teamsters, investigated the matter and represented him both at the local level hearing and on appeal to the AAPGC. Pl's Dep., ECF No. 35-4 at Ex. 10–12. Plaintiff does not allege that Eason continued to represent him beyond the April 21, 2009 decision of the AAPGC. Nevertheless, Plaintiff does argue in his objections that the union continued to represent him until Mach 29, 2010. ECF No. 52 at 1. Plaintiff has presented no evidence in support of his assertion that the union continued to represent him beyond the appeal to the AAPGC. Moreover, Plaintiff has not cited any authority establishing that the union was obligated to represent him beyond the appeal to the AAPGC.

After the April 21, 2009 decision of the AAPGC, Plaintiff filed charges with the National Labor Relations Board ("NLRB") against both UPS and Defendant. *See* ECF No. 42-4. Plaintiff's objections state that Defendant failed to represent him "at each appeal level within the grievance process regarding the union." *See* ECF No. 52 at 2. Plaintiff's objections, therefore, appear to argue either that Defendant was supposed to represent him before the NLRB, which according to the evidence presented was Plaintiff's next step after the AAPGC's decision, or in some unspecified

4

"appeal" of the AAPGC's decision.  *See id.*  As for the latter, Plaintiff has not identified any additional appellate proceedings beyond the AAPGC where the union failed to represent him, aside from references of what Plaintiff styles as "appeals" to the NLRB.

Plaintiff's charges with the NLRB were filed against both UPS and the Defendant union.  *See* ECF No. 42-4.[3]  Plaintiff's objections seem to suggest that the union was supposed to represent him in the proceedings before the NLRB, but Plaintiff cites no authority which would impose such a requirement and makes no effort to explain how Defendant was supposed to represent him in NLRB proceedings where it was simultaneously a defendant.  Such a result would be absurd, particularly in light of the fact that the subject matter of the charges revolved around the union's purported deficient representation during the grievance process.  Moreover, as previously noted, Plaintiff has failed to identify any other proceedings, aside from those before the NLRB, where the Defendant failed to represent him.  Therefore, the Court agrees with the Magistrate Judge that the fact that Defendant did not represent Plaintiff before the NLRB does not sufficiently establish that the discrimination was ongoing after April 21, 2009.

---

[3] The Court acknowledges that the evidence is not entirely clear about who initially represented Plaintiff before the NLRB.  The initial decision of the regional director of the NLRB was directed to Plaintiff personally, *see* ECF No. 42-4, whereas the decision of the general counsel on appeal of the regional director's decision was directed to Plaintiff's counsel in the present action, *see* ECF No. 42-5.  Defendant's response to Plaintiff's EEOC charge, as well as their briefing of this motion, maintains that their representation ended on April 21, 2009.  As the response explains, "investigation shows that April 21, 2009 was the last date Local 71 provided any representation to Mr. Kelley because it was on that date the arbitration decision became final and binding."  ECF No. 42-2 at 11.  According to Defendant's explanation of procedure set forth in the collective bargaining agreement between UPS and the union, the union would represent employees in grievances at the local level.  *Id.* at 1–2.  If the grievance was not resolved at the local level, then the union could appeal it to the AAPGC, whose decision would be binding on all parties.  *Id.* at 2.  No additional available proceedings under the collective bargaining agreement were described, therefore union representation would presumably end at that juncture.

The AAPGC's issued its decision on April 21, 2009.   ECF No. 35-4 at Ex. 12.   Plaintiff did not file his EEOC charge until March 29, 2010.   ECF No. 35-2.   To pursue a Title VII claim, including claims against a labor organization, a Plaintiff "must file a complaint with the EEOC within 180 days of the incident, or within 300 days of the incident if state or local proceedings are initiated." *Beall v. Abbott Labs.*, 130 F.3d 614, 620 (4th Cir. 1997); *see also* 42 U.S.C. § 2000e–5(e)(1).   "When the plaintiff fails to files such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court."   *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994). Since other proceedings were initiated, Plaintiff was required to file the Charge of Discrimination within 300 days of the alleged unlawful practice.   Plaintiff alleges that Defendant's representation in his grievance "since April 21, 2009" was the discriminatory act.   As previously noted, the Court finds that Defendant's representation of Plaintiff ended on April 21, 2009, meaning that the discriminatory act concluded, at the very latest, on that date.   The EEOC charged was filed more than 300 days after April 21, 2009, and is therefore untimely.   As a result, summary judgment is appropriate and the Court need not address the merits of Plaintiff's claim.

Accordingly, the Court finds the Magistrate Judge's recommendation to be proper, and Plaintiff's objection is overruled.

## II.    Collateral Estoppel

The Magistrate Judge concluded his analysis upon determining that the EEOC charge was untimely.   The Court takes this opportunity to note, however, that even if the charges were timely, Plaintiff's claim would also fail on the merits.   The doctrine of collateral estoppel conclusively establishes an essential element of Plaintiff's Title VII, causing it to fail as a matter of law.

Accordingly, summary judgement would also be appropriate on the merits, and the Court modifies the analysis of the R & R to reflect this fact.

### 1. Summary Judgment Standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).   The moving party has the burden of proving that judgment on the pleading is appropriate.   Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial."   Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991).   The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party.   *Id.*   However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."   *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

In this case, defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact."   *Temkin v. Frederick County Comm'rs*, 845 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact." *Id.* at 718–19 (citing *Anderson*, 477 U.S. at 247–48).

### 2. Discussion

Collateral estoppel applies where the party seeking to invoke it establishes five elements: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue was actually determined in the prior proceeding; (3) the issue's determination was a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment is final and valid; and (5) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum. *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006) (quoting *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998)).

A labor union may violate Title VII "by failing to file discrimination claims on a member's behalf because the member belongs to a minority group." *McCollum v. Int'l Bhd., of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers*, No. 1:03CV00355, 2004 WL 595184, at *2 n.3 (M.D.N.C. Mar. 10, 2004) (citing *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 832 (8th Cir. 2002)). In order to establish this discrimination, a plaintiff must prove that: "(1) the employer violated the collective bargaining agreement between the union and the employer, (2) the union breached its duty of fair representation by failing to contest the employer's violation, and (3) there is some evidence of animus against a protected class among the union." *Id.* (quoting *Equal Emp't Opportunity Comm'n v. Reynolds Metals Co.*, 212 F.Supp.2d 530, 539–40 (E.D. Va. 2002)); *see also Greenslade v. Chicago Sun–Times, Inc.*, 112 F.3d 853, 866 (7th Cir. 1997).

In its Motion for Summary Judgment, Defendant argues that this Court's prior order in *Kelley v. United Parcel Service, Inc.* conclusively established that Plaintiff's employer did not violate the collective bargaining agreement with regard to Plaintiff's discharge. ECF No. 35-1 at 12. In response to this argument, Plaintiff conceded that "this court has previously issued an Order finding

that UPS did not violate the collective bargaining agreement," but noted that this ruling was being appealed to the Fourth Circuit.   ECF No. 39-1.   As Defendant's supplementary brief in support of summary judgment explained, the Fourth Circuit subsequently affirmed this Court's ruling that UPS did not unlawfully discriminate against Plaintiff in connection with his discharge.   *See* ECF no. 45 at 1–2; *see also Kelley*, 528 Fed. App'x at 287.   Defendant seeks to use this ruling to preclude the issue of whether Plaintiff's employer violated the collective bargaining agreement.

The Court agrees with Defendant that collateral estoppel applies to conclusively establish that UPS did not violate the collective bargaining agreement.   The issue sought to be precluded is identical to what was previously litigated, the issue was actually determined in the prior proceeding, the issue was critical part of the prior decision, the prior judgment is final and valid, and Plaintiff had a full and fair opportunity to litigate this issue in the prior proceedings.   *See Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006).   Plaintiff's response brief concedes as much, acknowledging that this Court previously found that UPS did not violate the collective bargaining agreement.   ECF No. 39-1.   Accordingly, the Court finds that Plaintiff is precluded from litigating the issue of whether UPS violated the collective bargaining agreement.   Because the prior proceedings established that UPS did not violate the agreement, Plaintiff has failed to create an issue of fact as to an essential element of this Title VII claim.   *McCollum*, 2004 WL 595184, at *2 n.3; *Reynolds Metals Co.*, 212 F.Supp.2d at 539–40; *see also Greenslade*, 112 F.3d at 866.   Therefore, summary judgment would also be proper on the merits.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Defendant's Motion for Summary Judgment, Plaintiff's Response in Opposition to Motion for Summary Judgment, the R &

R, Plaintiff's objections to the R & R, and applicable law.   For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objection and adopts the Magistrate Judge's R & R, as modified.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**, and that Plaintiff's complaint is **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

         s/ R. Bryan Harwell
         R. Bryan Harwell
         United States District Judge

Florence, South Carolina
December 23, 2013