IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Eric Kelley, | ) | Civil Action No.: 4:11-cv-1268-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| International Brotherhood of | ) | |
| Teamsters, Local Union 71, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

On December 23, 2013, the Court entered an Order adopting the Report and Recommendation of the Magistrate Judge, and granting Defendant International Brotherhood of Teamsters, Local Union 71's ("Defendant") motion for summary judgment. *See* Order, ECF No. 54. Judgment was entered accordingly by the Clerk on the same date. *See* Judgment, ECF No. 55. Defendant filed a bill of costs on January 6, 2014, requesting an award of costs totaling $344.00. *See* Bill of Costs, ECF No. 56. On January 24, 2014, Plaintiff filed objections to the bill of costs. *See* Pl.'s Objections, ECF No. 57.

In the Bill of Costs, Defendant requests an award of the following costs: (1) $250.00 for "fees of the clerk" (pro hac vice application fee); (2) $94.00 for "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *See* ECF No. 56 at 1–2. Plaintiff objectioned to the Bill of Costs, arguing that Plaintiff had a good faith belief in bringing the lawsuit and there would be an element of injustice in a presumptive cost award. *See* ECF No. 57 at 2. Plaintiff asserts that injustice would occur because he is unable to pay costs, as he has suffered financial hardship and lacks steady employment. *See id.* at 3.

**DISCUSSION**

Prevailing parties are generally entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Pursuant to 28 U.S.C. § 1920, a court may tax the following expenses:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under Section 1923 of Title 28;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of Title 28.

*Id.*; *see also* DSC Local Rule 54.03 (also detailing taxable costs). Rule 54 makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs and there exists a presumption to that effect. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). "To overcome the presumption, a district court 'must justify its decision [to deny costs] by 'articulating some good reason for doing so.'" *Id.* (citing *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994)).

As Plaintiff correctly noted, however, the Court does have "the discretion to deny an award of costs," but if it does so, it must "'articulat[e] some good reason' for its denial." *Ellis v. Grant Thornton LLP*, 434 Fed. App'x 232 (quoting *Cherry*, 186 F.3d at 446) (citing *Constantino v. Am. S/T Achilles*, 580 F.2d 121, 123 (4th Cir. 1978)). "In essence that reason must be that 'there would be an

element of injustice in a presumptive cost award.'"  *Id.* (quoting *Cherry*, 186 F.3d at 446).   Some of the factors the court may consider to justify the denial of an award of costs are: "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided."  *Id.* (citing *Cherry*, 186 F.3d at 446).

**I.**     ***Pro Hac Vice* Application/Affidavit Filing Fee**

The first cost Defendant seeks to recover is the filing fee for its Application/Affidavit for *Pro Hac Vice* Admission of Attorney James Francis Wallington.   The Court finds another order from the District of South Carolina instructive as to whether this is a recoverable cost.  In *Moss v. Spartanburg County School District*, Judge Herlong addressed this precise issue.   *See* No. 7:09-1586-HMH, 2011 WL 1870280, at *1 (D.S.C. May 17, 2011).   As he explained, "[n]either § 1920, Rule 54(d) Federal Rules of Civil Procedure, nor Rule 54 of the Local Rules for the United States District Court for the District of South Carolina expressly authorize the taxation of pro hac vice fees."  *Id.*   Local Rule 54.03(A)(2)(a) does, however, foreclose taxation of any "[m]iscellaneous fees" which are not expressly enumerated as taxable.   *See* DSC Local Rule 54.03(A)(2)(a).

As Judge Herlong explained, "[s]ome courts, however, have held that pro hac vice fees are taxable as 'fees of the clerk.'"   *Moss*, 2011 WL 1870280, at *1 (quoting *Craftsman Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009)).   On the other hand, he reasoned, "other courts have found that pro hac vice fees are not subject to taxation because they are 'an expense of counsel, not the client, and [are] thus not properly recoverable under 28 U.S.C. § 1920.'"  *Id.* (quoting *Exhibit Icons, LLC v. XP Cos.* No. 07–80824–CIV, 2009 WL 3877667, at *1 (S.D. Fla. Nov. 18, 2009)); *see also Lofton v. McNeil Consumer & Specialty Pharm.*, No. 3:05–CV–1531–L, 2011 WL 206165, at *1

3

(N.D. Tex. Jan.4, 2011) (finding that *pro hac vice* fees "are an expense that an attorney pays for the privilege of practicing law in a district and should not be taxed to a plaintiff simply because a defendant chooses to be represented by counsel not admitted to practice in the district").  Ultimately, he concluded that *pro hac vice* fees were not taxable.  *See id.*

The Court agrees with Judge Herlong's analysis, and also finds that *pro hac vice* fees are not properly taxable under § 1920, Rule 54, or Local Rule 54.03.  Accordingly, the $250.00 in costs for the *pro hac vice* application fee is denied.

## II.     Copying Costs

Defendant also seeks to recover copying costs "for exemplification and copies of papers necessarily obtained for use in the case."  *See* ECF No. 56 at 2.  Defendant asserts it incurred costs for 188 pages at $0.50 per page for its various filings in the matter.  Neither the statute, Rule 54(d), or the DSC Local Rules specify an appropriate rate for copying costs.  Defendant suggested $0.50 per page, presumably because that is what the Clerk of Court charges for "[r]eproduction of any record on paper," *see District Court Miscellaneous Fee Schedule*, http://www.scd.uscourts.gov/Resources/fee.asp (last visited April 2, 2014).

Section 1920(4) provides that "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable costs.  28 U.S.C. § 1920(4); *see Simmons v. O'Malley*, 235 F. Supp. 2d 442, 444 (D. Md. 2002) (A showing that the papers were "necessarily obtained for use in the case" includes "at a minimum, documents used at trial and copies furnished to the court and opposing counsel").  Local Rule 54.03(F)(1) enumerates the five types of taxable costs permitted under this Section, the most relevant being "[c]osts of one copy of a document . . . *introduced into evidence* in lieu of original."  DSC Local Rule 54.03(F)

4

(1)(a) (emphasis added).   Courts have limited the bounds of recoverable copying costs, finding that "photocopy charges are properly taxable only to the extent that the copies were used as court exhibits or were furnished to the court or opposing counsel."   *Ford v. Zalco Realty, Inc.*, 708 F. Supp. 2d 558, 563 (E.D. Va. 2010) (quoting *Bd. of Dir. v. Anden Grp.*, 135 F.R.D. 129, 138 (E.D. Va. 1991)). Moreover, "[c]opies of exhibits obtained for counsel's own use" are not taxable.   Local Rule 54.03(F)(2)(d); *see Simmons*, 235 F. Supp. 2d. at 444.

"The burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge."   *Ford*, 708 F. Supp. 2d at 563.   The undersigned has previously held that where Defendants, among other things, did not explain the "purposes or uses of th[e] copies," there is not a sufficient "'showing for the [C]ourt to exercise its discretion to determine that these costs are properly recoverable.'"   *Firehouse Rest. Grp., Inc. v. Scurmont LLC*, No. 4:09-cv-00618-RBH, 2011 WL 4943889, at *18 (D.S.C. Oct. 17, 2011) (quoting *Simmons*, 235 F. Supp. 2d at 444).   Here, Defendant has not explained the purpose of these copies, namely whether they were for counsel's use, for opposing counsel's use, or furnished to the court.   Moreover, Defendant has not pointed to any authority which generally allows recovery of costs for copies of documents *filed by that party* electronically on ECF.   *Cf. Shlikas v. Sallie Mae, Inc.*, No. WDQ–06–2106, 2011 WL 5825660, at *2 (D. Md. Nov. 16, 2011) ("[O]nly copies of exhibits filed conventionally with the Clerk, courtesy copies of filings for the judge, documents impossible to file on CM/ECF, and copies made because the *opposing* party lacks a CM/ECF account are recoverable costs." (emphasis in original)).   All of the documents for which Defendant seeks to recover copying costs were filed electronically by Defendant on ECF.   Therefore, the Court denies this request as well.

### III.  Court's Discretion

As previously discussed, the Court does not believe that either of the costs that Defendant seeks to recover are properly taxable to Plaintiff. Regardless, the Court would exercise its discretion and deny the request to tax these requested costs. *Cf. Couram v. S.C. Dep't of Motor Vehicles*, No. 3:10-00001-MBS, 2011 WL 6115509 (D.S.C. Dec. 8, 2011).

### CONCLUSION

**IT IS THEREFORE ORDERED** that the Court declines to tax the Plaintiff costs as requested by Defendant in its bill of costs.

**IT IS SO ORDERED.**

                                           s/ R. Bryan Harwell
                                           R. Bryan Harwell
                                           United States District Judge

Florence, South Carolina
April 7, 2014